1  Joshua Briones (SBN 205293)
   jbriones@mintz.com
2  Esteban Morales (SBN 273948)
3  emorales@mintz.com
   MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
4  Century Plaza Towers
5  2029 Century Park East, Suite 1370
   Los Angeles, CA 90067
6  Telephone:  310-586-3200
7  Facsimile:  310-586-3202

8  Claire C. Newland (SBN 301017)
   ccnewland@mintz.com
9  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
10 44 Montgomery Street, 36th Floor
   San Francisco, CA  94104
11 Telephone:  415-432-6000
12 Facsimile:  415-432-6001

13 Attorneys for Defendant,
   LEADPOINT, INC.
14

15                    UNITED STATES DISTRICT COURT
16                    CENTRAL DISTRICT OF CALIFORNIA
17                 EASTERN DIVISION AT RIVERSIDE DIVISION

| | |
|---|---|
| LUCAS ALEX AMBREZEWICZ, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>LEADPOINT, INC., a Delaware corporation,<br><br>                    Defendant. | Case No.  5:16-cv-02331-JGB-KK<br><br>**DEFENDANT LEADPOINT, INC.'S NOTICE OF MOTION AND MOTION TO STAY PENDING RULING BY THE D.C. CIRCUIT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   April 24, 2017<br>Time:   9:00 AM<br>Place:  Courtroom 1<br>Hon. Jesus G. Bernal<br><br>Complaint Filed:  Nov. 9, 2016<br>Trial Date:  March 20, 2018 |

DEFENDANT LEADPOINT, INC.'S NOTICE AND MOTION TO STAY
CASE NO. 5:16-CV-02331-JGB-KK

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 24, 2017 at 9:00 a.m. in Courtroom 1 of the above-entitled Court of the United States District Court for the Central District of California, located at 3470 Twelfth Street, Riverside, California 92501, Defendant LeadPoint, Inc. ("LeadPoint") will and hereby does move for a stay of proceedings in this action pending a ruling by the United States Court of Appeals, District of Columbia Circuit regarding the definition of an "automatic telephone dialing system" under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

This motion is made on the grounds that a trial court has broad discretion to stay all proceedings pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). The decision by the United States Court of Appeals, District of Columbia Circuit will directly affect the outcome of this action, will not prejudice Plaintiff, and will promote efficiency.  Moreover, LeadPoint would suffer harm if a stay were not granted.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the operative complaint and pleadings on file with the Court in this matter, the concurrently filed Request for Judicial Notice, and any other evidence or oral argument as the Court may consider in connection with this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 24, 2017.

1 | DATED:  March 24, 2017

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

/s/ Esteban Morales
By:  Joshua Briones
     Esteban Morales
     Claire C. Newland
     Attorneys for Defendant LEADPOINT, INC.

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................1

II. PROCEDURAL AND FACTUAL BACKGROUND.....................................1

    A. The Allegations at Issue in this Action ....................................................1

    B. The *ACA International* Appeal ..............................................................2

III. ARGUMENT....................................................................................................2

    A. Other Federal Courts, Including this Court, Have Granted Stays Under These Circumstances....................................................................3

    B. The Relevant Factors All Weigh in Favor of Granting a Stay Here.....5

        1. Plaintiff Will Not be Prejudiced by a Stay ..................................5

        2. If a Stay is Not Imposed, LeadPoint Will Suffer Harm .............6

        3. Granting a Stay Will Serve the Orderly Course of Justice by Simplifying the Issues..................................................................7

IV. CONCLUSION ................................................................................................8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abplanalp v. United Collection Bureau, Inc.*,
  No. 3:15-CV-203-RJC-DCK, 2016 LEXIS 1762
  (W.D.N.C. Jan. 7, 2016) ...................................................................................... 3

*ACA International v. Federal Communications Commission*,
  Case No. 15-1211 (D.C. Cir.) ..................................................................... *passim*

*Acton v. Intellectual Capital Mgmt.*,
  No. 15-CV-4004(JS)(ARL), 2015 U.S. Dist. LEXIS 172149,
  (E.D.N.Y. Dec. 28, 2015) .................................................................................... 3

*Adams v. Nationstar Mortg. LLC*,
  No. 15-9912-DMG, 2016 U.S. Dist. LEXIS 152964
  (C.D. Cal. June 14, 2016 ..................................................................................... 3

*Air Line Pilots Ass'n v. Miller*,
  523 U.S. 866 (1998) ............................................................................................ 2

*Chattanond v. Discover Fin. Servs., LLC*,
  No. CV-08549, 2016 U.S. Dist. LEXIS 24700
  (C.D. Cal. Feb. 26, 2016) ........................................................................ 3, 4, 5, 6

*Clinton v. Jones*,
  520 U.S. 681 (1997) ............................................................................................ 2

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ........................................................................... 5, 7

*Errington v. Time Warner Cable Inc.*,
  No. 2:15-CV-02196, 2016 U.S. Dist. LEXIS 66317
  (C.D. Cal. May 18, 2016) ............................................................................ 3, 4, 5

*Fontes v. Time Warner Cable, Inc.*,
  No. CV14-2060-CAS, 2015 U.S. Dist. LEXIS 169580
  (C.D. Cal. Dec. 17, 2015) ............................................................................ 3, 4, 5

*Gensel v. Performant Techs., Inc.*,
  No. 13-C-1196, 2015 U.S. Dist. 142303
  (E.D. Wis. Oct. 21, 2015) ................................................................................... 4

# TABLE OF AUTHORITIES
*(Continued)*

Page(s)

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .................................................................................. 1, 2

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ....................................................................... 5

*Mackiewicz v. Nationstar Mortgage, LLC*,
  No.6:15-CV-465-Orl-18GJK, 2015 U.S. Dist. LEXIS 180770
  (M.D. Fla. Nov. 10, 2015) .......................................................................... 4, 6

*Shahin v. Synchrony Fin.*,
  No. 8:15-cv-2941-T-35EAJ, 2016 U.S. Dist. LEXIS 119260
  (M.D. Fla. April 12, 2016) .............................................................................. 3

*Small v. GE Capital, Inc.*,
  No. EDCV 15-2479 JGB (DTBx), 2016 U.S. Dist. LEXIS 118959
  (C.D. Cal. June 9, 2016) ..................................................................... 1, 3, 4, 5

*Stone v. Sterling Infosystems, Inc.*,
  No. 2:15-CV-00711-MCE-DAD, 2015 WL 4602968
  (E.D. Cal. July 29, 2015) ................................................................................ 3

**Statutes**

47 U.S.C. 227 ................................................................................................ 1, 6, 7

**Other Authorities**

FRAP 28(j) ........................................................................................................ 2, 5

**Regulations**

47 C.F.R. § 64.1200(d) ......................................................................................... 6

## I. INTRODUCTION

Directly at issue in this case is whether the telephone equipment used to allegedly call Plaintiff constitutes an automatic telephone dialing system ("ATDS") as defined by the TCPA. Defendant LeadPoint, Inc. ("LeadPoint") moves to stay this action pending the outcome of an appellate court ruling that could dispose of half of Plaintiff Lucas Alex Ambrezewicz's ("Plaintiff") case and classes that he is attempting to certify. The appellate case is *ACA International v. Federal Communications Commission*, Case No. 15-1211 in the United States Court of Appeals, District of Columbia. The issue is the proper definition of the term "automatic telephone dialing system." A stay is appropriate in this case so that the parties and this Court can receive clarity on the definition of an ATDS before further time and expense are incurred. Further litigation as to Plaintiff's claim premised on the use of an automatic telephone dialing system "may be unnecessary and will require both parties and the Court to spend substantial resources." *Small v. GE Capital, Inc.*, No. EDCV 15-2479 JGB (DTBx), 2016 U.S. Dist. LEXIS 118959, at *7 (C.D. Cal. June 9, 2016). For these reasons, and as discussed below, LeadPoint respectfully requests that this Court stay this case pending resolution of the *ACA International* appeal.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. The Allegations at Issue in this Action

Plaintiff's Complaint alleges that LeadPoint violated the TCPA by placing calls to Plaintiff's cellular telephone using an "ATDS," or "automatic telephone dialing system," without Plaintiff's consent. Compl. ¶¶ 13, 46, ECF No. 1. Plaintiff seeks to recover statutory damages "up to $500" per call. *Id.* at ¶ 59. A critical issue in this litigation is whether LeadPoint used an ATDS as defined by the TCPA and interpreted by the Federal Communications Commission ("FCC").

### B. The *ACA International* Appeal

The FCC's interpretation of an ATDS in its July 10, 2015 Declaratory Ruling has been challenged on appeal before the D.C. Circuit in *ACA International v. Federal Communications Commission*, Case No. 15-1211. *See* Request for Judicial Notice ("RJN"), Ex. B (Joint Brief for Petitioners); Ex. C (ACA International's Amended Petition for Review). The basis of the appeal is that the definition of an ATDS, as interpreted by the FCC, is overbroad, vague, and confusing. RJN, Ex. B at pp.14-16. Specifically, ACA International seeks a holding that the FCC's treatment of the term "capacity," within the definition of ATDS under the TCPA, is unlawful. RJN, Ex. C. at p. 4. ACA International also seeks a holding that the FCC's treatment of "predictive dialers" and "prior express consent" is unlawful. *Id.* at pp. 4-5.

Briefing and oral argument were completed on October 19, 2016, and the D.C. Circuit is expected to issue its ruling shortly. *See* RJN, Ex. D (Courtroom Minutes of Oral Argument). The most recent submissions in this appeal are Federal Rule of Appellate Procedure 28(j) letters, which were filed by both parties in January 2017. *See* RJN, Ex. A (General Docket). Once the D.C. Circuit rules on what qualifies as an ATDS, either Plaintiff's TCPA claim will be extinguished, or the ruling will dictate the scope of the issues and discovery needed in this case. Accordingly, pursuant to the Court's inherent authority to control its own docket, LeadPoint respectfully urges the Court to stay this case.

### III. ARGUMENT

A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings in other jurisdictions. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This discretion is "incident to [a district court's] power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (internal quotation marks omitted). A stay is appropriate in a case where the outcome of another action may substantially affect it, which is precisely the circumstance here. *See Stone v. Sterling Infosystems, Inc.*, No. 2:15-CV-00711-MCE-DAD, 2015 WL 4602968, at *2 (E.D. Cal. July 29, 2015).

### A.  Other Federal Courts, Including this Court, Have Granted Stays Under These Circumstances

In the past two years, at least ten federal courts, including this Court, have granted stays in light of the pending *ACA International* appeal:

- *Small v. GE Capital, Inc.*, No. EDCV 15-2479 JGB (DTBx), 2016 U.S. Dist. LEXIS 118959, at *7 (C.D. Cal. June 9, 2016) (J. Bernal) (granting motion to stay in in part because of the  pending *ACA International* decision);
- *Adams v. Nationstar Mortg. LLC*, No. 15-9912-DMG (KSx), 2016 U.S. Dist. LEXIS 152964, at *5 (C.D. Cal. June 14, 2016 (same);
- *Errington v. Time Warner Cable Inc.*, No. 2:15-CV-02196 RSWL (DTB), 2016 U.S. Dist. LEXIS 66317, at *8-9 (C.D. Cal. May 18, 2016) (same);
- *Shahin v. Synchrony Fin.*, No. 8:15-cv-2941-T-35EAJ, 2016 U.S. Dist. LEXIS 119260, at *4 (M.D. Fla. April 12, 2016) (same);
- *Chattanond v. Discover Fin. Servs., LLC*, No. CV-08549, 2016 U.S. Dist. LEXIS 24700, at *8-10 (C.D. Cal. Feb. 26, 2016) (same);
- *Abplanalp v. United Collection Bureau, Inc.*, No. 3:15-CV-203-RJC-DCK, 2016 LEXIS 1762, at *8 (W.D.N.C. Jan. 7, 2016) (same);
- *Acton v. Intellectual Capital Mgmt.*, No. 15-CV-4004(JS)(ARL), 2015 U.S. Dist. LEXIS 172149, at *7-8 (E.D.N.Y. Dec. 28, 2015) (same);
- *Fontes v. Time Warner Cable, Inc.*, No. CV14-2060-CAS (CWx), 2015 U.S. Dist. LEXIS 169580, at *16 (C.D. Cal. Dec. 17, 2015) (same);

- *Mackiewicz v. Nationstar Mortgage, LLC*, No.6:15-CV-465-Orl-18GJK, 2015 U.S. Dist. LEXIS 180770, at *2-3 (M.D. Fla. Nov. 10, 2015) (same); and
- *Gensel v. Performant Techs., Inc.*, No. 13-C-1196, 2015 U.S. Dist. 142303, at *6 (E.D. Wis. Oct. 21, 2015) (same).

Recent rulings from the Central District of California granting stays in similar cases are persuasive and confirm that a stay is appropriate here. In *Small*, this Court found that a stay was appropriate because "the ruling in ACA International will likely bear on whether [Defendant's] dialer at time of the calls at issue was an 'automatic telephone dialing system' for purposes of the TCPA." 2016 U.S. Dist. LEXIS 118959, at *7. Similarly, in *Chattanond*, the court explained that a stay pending resolution of the *ACA International* appeal was appropriate because "the D.C. Circuit will address . . . what type of equipment constitutes an ATDS" and "will determine whether the FCC's treatment of the term 'capacity' within the definition of an ATDS is 'arbitrary, capricious, and an abuse of discretion . . . .'" *See Chattanond*, 2016 U.S. Dist. LEXIS 24700, at *8-10. "If the case is not stayed, Defendant will suffer hardship in conducting discovery and trial preparation in light of the uncertain difference between 'potential' capacity and 'theoretical' capacity under the definition of an ATDS." *Id.* at *10.

In *Fontes*, the Central District of California granted a stay based on the *ACA International* appeal. The court found that a stay was appropriate because if the D.C. Circuit determines that the FCC reached the "wrong conclusion" in its declaratory ruling, this could "potentially be dispositive of the outcome in this case." *Fontes,* 2015 U.S. Dist. LEXIS 169580, at *13. Likewise, in *Errington v. Time Warner Cable, Inc.* the court granted a stay pending the D.C. Circuit appeal and explained that "granting a stay may simplify the issues in this case and conserve judicial resources. . . Accordingly, the Court and both parties will benefit from a clarification of the applicable law." *Errington v. Time Warner Cable Inc.*, No. 15-cv-02196

-4-
DEFENDANT LEADPOINT, INC.'S NOTICE AND MOTION TO STAY
CASE NO. 5:16-CV-02331-JGB-KK

RSWL (DTB), 2016 U.S. Dist. LEXIS 66317, at *10-11 (C.D. Cal. May 18, 2016). The same issues that warranted a stay in *Small*, *Chattanond*, *Fontes,* and *Errington* are at issue and warrant a stay here as well.

### B. The Relevant Factors All Weigh in Favor of Granting a Stay Here

In determining whether a stay is appropriate, the courts within the Ninth Circuit examine the following three factors: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward with the case; and (3) the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law, which could be expected to result from a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 229 U.S. at 254); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, each of these factors weighs in favor of granting a stay.

#### 1. Plaintiff Will Not be Prejudiced by a Stay

The stage of the *ACA International* appellate proceedings is more advanced than when this Court considered this issue in June of 2016. *See Small*, 2016 U.S. Capital, Inc., 2016 U.S. Dist. LEXIS 118959, at *8 (finding an "absence of any prejudice to Plaintiff"). Since this time, oral argument was completed on October 19, 2016. *See* RJN, Ex. D (Courtroom Minutes of Oral Argument). The parties, moreover, submitted Federal Rule of Appellate Procedure 28(j) letters in January 2017. *Id.*, Ex. A (General Docket). A decision is imminent and it is likely one will be issued by the end of the year if not sooner.

Additionally, this action is in its infancy and neither party has expended truly significant time or effort in the prosecution and defense of this action. A stay would not disrupt proceedings at this stage, but rather would serve as a brief and efficient undertaking in light of the dispositive issues to be decided by the D.C. Circuit. Plaintiff cannot credibly argue that he would suffer any kind of prejudice as a result

of what will almost certainly be a brief stay. *See Chattanond*, 2016 U.S. Dist. LEXIS 24700, at *10 (holding that the *ACA International* appeal "is not likely to remain pending for an extended period of time, and the possible prejudice to Plaintiff is minimal.").

### 2. If a Stay is Not Imposed, LeadPoint Will Suffer Harm

In contrast to the lack of harm to Plaintiff from imposing a stay, LeadPoint will incur actual harm, such as time and expense expended to litigate this case if a stay is not granted. Here, Plaintiff wishes to certify two classes: an "Autodialed No Consent Class" premised on violations of 47 U.S.C. § 227(b)(1)(A)(iii) (which requires that Plaintiff prove that an ATDS was used) and a "Do Not Call Registry Class" premised on 47 C.F.R. § 64.1200(d). *See* Compl. ¶ 34, ECF No. 1. In the event that this case is not stayed, Plaintiff will no doubt pursue discovery with respect to both causes of action and both classes that he is attempting to certify. It makes no sense to move forward with this case and discovery as to both causes of action while a decision in a pending appeal, in which briefing and oral argument have been completed, is expected to clarify the proper definition of an ATDS (a necessary element of Plaintiff's Section 227(b)(1)(A)(iii) cause of action) and may dispose of half of Plaintiff's case.

Litigation expense is sufficient to demonstrate actual prejudice that justifies a stay. *See Chattanond*, 2016 U.S. Dist. LEXIS 24700, at *10 ("[H]ardship to Defendant and considerations of judicial economy weigh in favor of a stay. If the case is not stayed, Defendant will suffer hardship in conducting discovery and trial preparation in light of the uncertain difference between 'potential' capacity and 'theoretical' capacity under the definition of ATDS."); *Mackiewicz*, 2015 U.S. Dist. LEXIS 180770, at *3 (granting the defendant's motion to stay under *ACA International* in part because "a stay would reduce the burden of litigation on the parties and the Court . . . .").

### 3. Granting a Stay Will Serve the Orderly Course of Justice by Simplifying the Issues

Granting a stay will "serve the orderly course of justice." *See CMAX*, 300 F.2d at 268. In the event that the D.C. Circuit narrows the scope of an ATDS, Plaintiff's ATDS-based claim (and class) could be entirely extinguished. This simplification of the issues in this case is another reason that a stay is warranted. *Id.*

Plaintiff seeks to hold LeadPoint liable for allegedly calling his cell phone using an ATDS. *See* Compl. ¶ 13, ECF No. 1. The TCPA defines an ATDS as "equipment which has the **capacity**—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. 227(a)(1) (emphasis added). Most modern dialers, including LeadPoint's, do not generate and dial numbers using a "random or sequential number generator." To clarify the issue, businesses and industry groups filed petitions with the FCC asking whether the word "capacity" meant the "present capacity" of the equipment at the time calls were made – which would absolve LeadPoint from TCPA liability – or whether it meant "future capacity" to generate and dial random or sequential numbers through changes in hardware or software. *See* RJN, Ex. E (FCC's Declaratory Ruling) at ¶ 11.

The FCC's response further muddied the waters as the FCC claimed that "the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." *Id.* at ¶ 16. Under the FCC's expansive definition, even an iPhone can be an ATDS because the definition of an autodialer, as it currently stands, only requires the ability to download software or install hardware that allows for random or sequential number generation. As the FCC's new Chairman previously noted, the 2015 Order's "interpretation [of what qualifies as an ATDS] is a bit of a mess" and transformed the TCPA "from a statutory rifle-shot targeting specific companies . . . into an unpredictable shotgun blast covering virtually all

-7-
DEFENDANT LEADPOINT, INC.'S NOTICE AND MOTION TO STAY
CASE NO. 5:16-CV-02331-JGB-KK

1 communications devices." *Id.* at 8075 (Pai C., dissenting).  The FCC's overbroad and vague definition of what constitutes an ATDS led to the D.C. Circuit appeal in *ACA International*.

ACA International now challenges the FCC's Ruling as arbitrary and capricious, an abuse of discretion, and as inconsistent with various constitutional provisions. *See* RJN, Ex. C. ACA International further argues that the FCC's definition of an ATDS, which includes "predictive dialers," exceeds the FCC's statutory authority and goes beyond Congress's intent under the TCPA. *Id.* at p. 3; Ex. D at ¶ 22 n.78. Various other petitioners and intervenors from a number of industry groups and companies also filed briefs in the case arguing that the FCC's definition of an ATDS is inconsistent with the TCPA's text, history and purpose as well as being arbitrary and capricious. The analysis of these petitions for review will directly impact Plaintiff's ATDS-based claim, will inform whether the equipment at issue qualifies as an ATDS, and could extinguish half of this case and the half of the classes Plaintiff is attempting to certify.  Until the issue is decided, it makes no sense to proceed with this action.

## IV.  CONCLUSION

In sum, the D.C. Circuit has not clarified the definition of an ATDS. Granting a stay pending the D.C. Circuit's decision pursuant to the court's inherent authority is in the interest of judicial economy and will prevent undue hardship on LeadPoint. Briefing and oral argument in the appeal have been completed and a decision is imminent. Thus, LeadPoint respectfully requests that this Court stay this case until the D.C. Circuit issues its decision in *ACA International*.

1 | DATED:  March 24, 2017

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

/s/ Esteban Morales
By: Joshua Briones
     Esteban Morales
     Claire C. Newland

Attorneys for Defendant,
LEADPOINT, INC.