|  | JS-6 |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | (admin) |

| Case No. | EDCV 16-2331 JGB (KKx) | Date | May 8, 2017 |
|---|---|---|---|
| Title | *Lucas Alex Ambrezewicz v. Leadpoint, Inc.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order: (1) GRANTING Defendant's Motion to Stay (Dkt. No. 33); (2) GRANTING Defendant's Request for Judicial Notice  (Dkt. No. 34.); and (3) VACATING the May 8, 2017 hearing (IN CHAMBERS)

   Before the Court are Defendant LeadPoint Inc.'s Motion to Stay, (Dkt. No. 33), and Request for Judicial Notice. (Dkt. No. 34.)   The Court finds the matters appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering all papers timely filed in support of and in opposition to the Motion, the Court GRANTS the Motion. The May 8, 2017 hearing is VACATED.

## I. BACKGROUND

**A. Procedural History**

   On November 9, 2016, Lucas Alex Ambrezewicz ("Plaintiff") filed this putative class action complaint against Leadpoint, Inc. ("Defendant") alleging the following causes of action: (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 ("Complaint," Dkt. No. 1, 13) on behalf of Plaintiff and the "Autodialed No Consent Class"; and (2) violation of the TCPA under 47 U.S.C. § 227 on behalf of Plaintiff and the "Do Not Call Registry Class."  (Id. at 14.)

   Defendant answered Plaintiff's Complaint on January 20, 2017.  ("Answer," Dkt. No. 22.) On March 24, 2017, Defendant filed its Motion to Stay the Case pending a ruling by the Court of Appeals for the D.C. Circuit in ACA International v. Federal Communications Commission, Case No. 15-1211 (D.C. Cir.) ("ACA").  ("Motion," Dkt. No. 33.)  In support of its Motion, Defendant filed a Request for Judicial Notice  ("RJN," Dkt. No. 34), and the Declaration of

Esteban Morales, (Morales Decl., Dkt. No. 35), requesting the Court to take notice of the following documents:

- Exhibit A: Docket in ACA as of March 23, 2016 (Dkt. No. 35-1);
- Exhibit B: Joint Brief for Petitioners in ACA dated November 25, 2015 (Dkt. No. 35-2);
- Exhibit C: ACA International's Amended Petition for Review dated July 13, 2015 (Dkt. No. 35-3);
- Exhibit D: Courtroom Minutes of Oral Argument in ACA dated October 19, 2016 (Dkt. No. 35-4); and
- Exhibit E: Declaratory Ruling, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, (F.C.C. July 10, 2015) ("F.C.C. Ruling," Dkt. No. 35-5.)[1]

On April 3, 2017, Plaintiff opposed Defendant's Motion. ("Opposition," Dkt. No. 36.) Defendant filed its Reply on April 10, 2017. ("Reply," Dkt. No. 38.)

**B. Factual Allegations and Claims**

As noted above, this case is a putative class action brought under the TCPA. Plaintiff alleges that Defendant placed unsolicited and unauthorized autodialed calls to Plaintiff and members of the Autodialed No Consent Class without their prior consent utilizing an Automatic Telephone Dialing System ("ATDS") in violation of 47 U.S.C. § 227(b)(1)(A)(iii). (Compl. ¶ 47.) In particular, Plaintiff alleges that Defendant used automatic dialing equipment known as a "predictive dialer," which can store and produce telephone numbers to place calls *en masse* at random without human intervention. (Compl. ¶ 46.) Plaintiff also brings a claim under 47 U.S.C. section 227(c) for Defendant's alleged violations of 47 C.F.R. § 64.1200(c), (d), and (e), which prohibit any telephone solicitation to any persons who have registered his or her telephone number on the national do-not-call registry. (Id. at ¶ 52.) Plaintiff alleges that he registered his cellular telephone number on the National Do Not Call Registry on September 27, 2013. (Id. ¶

---

[1] Pursuant to Federal Rule of Evidence 201, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Id. at subd. (b). Defendant requests the Court to take notice of pertinent filings in ACA. (RJN.) These documents are directly relevant to the present Motion and are in the public record. Exhibits A through E are therefore proper subjects for judicial notice. Courts routinely take notice of these types of documents. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (finding matters of public record outside the proceeding such as motions filed in other cases proper subjects of judicial notice); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs, transcripts, and various other court filings from related case). Accordingly, the Court GRANTS Defendant's Request for Judicial Notice. (Dkt. No. 34.)

21.) Nevertheless, Defendant allegedly made a series of unsolicited telemarketing calls, beginning on August 30, 2016, and continued to do so despite Plaintiff's requests that the calls cease. (Id. at ¶¶ 22, 26.)

## II. LEGAL STANDARD

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 255 (1936); see also, Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (1972). The Court, therefore, may "find it ... efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Gorcers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). The rule applies to judicial proceedings and does not require the issues of such proceedings be necessarily controlling of the action before the Court. Id. at 863-864. Still, a stay should not be granted unless it appears likely that the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims. Id.

In exercising its discretion in determining whether to grant a stay, a court must weigh the competing interests of the various parties that may be affected by the decision to grant or refuse to grant the stay. Lockyer v. Mirant Corp., 398 F.2d 1098, 1110 (9th Cir. 2005). Specifically, the court must consider: (1) the possible damage or harm to the non-moving party which may result from granting the stay; (2) the hardship or inequity the moving party may suffer in being required to go forward with the case if the request for a stay is denied; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id. The proponent of a stay has the burden of proving that a stay is justified. Clinton v. Jones, 520 U.S. 681, 708 (1997).

## III. DISCUSSION

### A. The Parties' Contentions

Defendant moves to stay the action pending a ruling in ACA. (Mot. at 7.) Defendant argues that a stay is appropriate to conserve time and resources because a decision in ACA will clarify the definition of "Automatic Telephone Dialing System" under the TCPA, which in Defendant's view, is a central to its liability in this case. (Id.) Defendant argues that once the D.C. Circuit issues its ruling, "either Plaintiff's TCPA claim will be extinguished, or the ruling will dictate the scope of issues and discovery needed in this case." (Mot. at 8.)

In support of its Motion, Defendant asserts that Plaintiff cannot show he will suffer prejudice as a result of what will "almost certainly be a brief stay." (Id. at 11-12.) In addition, Defendant maintains that in the absence of a stay, it will suffer harm in the form of duplicative motion practice, potentially unnecessary discovery, and the attendant litigation expenses. (Mot. at 12.) To this end, Defendant points out that Plaintiff will surely pursue extensive discovery to certify

the two proposed classes as to both claims, which may prove entirely futile if the D.C. Circuit's definition of "ATDS" disposes of Plaintiff's first cause of action. (Mot. at 12.) On these bases, Defendant maintains that a stay would further the orderly course of justice.

Plaintiff, on the other hand, argues a stay is unwarranted on four grounds: (a) the ACA appeal is unlikely to deal at all with major issues in this case—e.g., whether LeadPoint failed to honor requests not to be called and whether LeadPoint placed calls to persons on the National Do Not Call Registry List— and "would of course be nonbinding on this Court," (Opp'n at 6, 7); (b) the duration of the requested stay is wholly indefinite since ACA is a "complex matter that has been pending for over a year, with no end in sight," (Id.); (c) a stay would prejudice Plaintiff's ability to prove his claims because "witnesses' memories fade" and electronic data "becomes more difficult to adequately preserve, produce, or replicate in full," over time (Id. at 9); and (d) litigation expenses, like responding to discovery, are not sufficient for Defendant to demonstrate a "clear case of hardship or inequity" that may warrant a stay. (Id.)

### B. D.C. Circuit's Pending ACA Decision and Plaintiff's Claims

The TCPA imposes liability for any calls made "using any automatic telephone dialing system." 47 U.S.C. § 227(b)(1)(A). In ACA, the D.C. Circuit will address, among other things, what type of equipment constitutes an "ATDS." Under the TCPA, an "ATDS" is equipment "which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). On July 10, 2015, the Federal Communications Commission ("FCC") issued a Declaratory Ruling which broadened the scope of "ATDS," by holding that the equipment need not have the "present capacity" to generate or dial random or sequential numbers; it need only have the "potential" ability to do so. (See F.C.C. Ruling ¶ 16.) Several petitioners challenge the FCC's definition of ATDS under the TCPA as "arbitrary, capricious, and an abuse of discretion" in contravention of the statutory text. (RJN at Ex. C, 4.)

### C. Analysis

As discussed, Plaintiff alleges two causes of action under the TCPA premised on alleged "autodialed calls . . . utilizing an automatic telephone dialing system" and calls that allegedly violated the TCPA's do-not-call provisions. Since Plaintiff must prove that Defendant called him using an ATDS to establish a TCPA violation, the definition of ATDS directly pertains to this litigation. See Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) ("The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [ATDS]; (3) without the recipient's prior express consent."). In Defendant's Fourteenth Affirmative Defense, it argues that "Plaintiff's causes of action fail because an automatic telephone dialing system was not used." (Answer at 11.) Thus, Defendant's liability for Plaintiff's first cause of action is likely to turn on the precise issue the D.C. Circuit is now deciding.

The FCC has the authority to "prescribe regulations to implement the requirements" of the TCPA, 47 U.S.C. § 227(a)(2). Moreover, only a circuit court may invalidate FCC

interpretations on direct review from a final order by the FCC.  See  28 U.S.C. § 2342(1); 47 U.S.C. § 402(a); US W. Commc'ns, Inc. v. Hamilton, 224 F.3d 1049, 1054 (9th Cir. 2000) (stating that the Hobbs Act, giving the federal courts of appeals exclusive jurisdiction to review all final orders of the Federal Communications Commission (FCC), contains no exception for "interpretive," as opposed to legislative, rules).  Any rulings in this case that relied on the FCC's July 2015 Ruling may very well be called into question by the ACA decision.  On these bases, the Court is persuaded that granting a stay would clarify the law to conserve judicial resources and avoid duplicative proceedings.

In addition, Plaintiff faces little prejudice if a stay were to be granted.  The D.C. Circuit heard oral arguments on October 19, 2016.  (RJN at Ex. D.)  As of the date of this Order, the appeal remains under submission.  (RJN at Ex. A.)  The appeal before the D.C. Circuit is therefore not likely to remain pending for an extended period of time.  The Court is not convinced that delay will impair the evidence that may be vital to Plaintiff's claims: Defendant represents that it will preserve potentially relevant documents and information and failure to do so could result in sanctions.  (Reply at 7.)  In the absence of a stay, the parties will have to expend time and money conducting discovery on an issue central to Defendant's liability while lacking a clear idea of the law that will ultimately apply at summary judgment or at trial.

Although Plaintiff challenges Defendant's showing of hardship, the cases on which he relies are distinguishable.  See, e.g., O'Hanlon v. 24 Hour Fitness USA, Inc., No. 15-CV-01821-BLF, 2016 WL 815357, at *5 (N.D. Cal. Mar. 2, 2016) (staying the case pending the Supreme Court's decisions in Tyson Foods, Inc. v. Bouaphakeo, 135 S. Ct. 2806 (2015) and Spokeo, Inc. v. Robins, 135 S. Ct. 1892 (2015), but finding a stay pending resolution of ACA unwarranted since it "sweeps in issues not pertinent to this case.").  The weight of authority, moreover, favors staying the matter as numerous district courts within this district have stayed TCPA actions as early as December 2015 in anticipation of a ruling by the D.C. Circuit.  See Errington v. Time Warner Cable Inc., No. CV 15-02196-RSWL (DTB), 2016 WL 2930696, at *4 (C.D. Cal. May 18, 2016); Fontes v. Time Warner Cable Inc., No. CV 14-2060-CAS (CWX), 2015 WL 9272790 (C.D. Cal. Dec. 17, 2015).

At bottom, neither Plaintiff's showing of prejudice as a result of a stay nor Defendant's claimed hardship in its absence tip sharply in either party's favor.  See Bay Area Surgical Group, Inc. v. Aetna Life Ins. Co., No. 5:13-CV-05430-EJD, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014); see also Nussbaum v. Diversified Consultants, Inc., No. 15-CV-600, 2015 WL 5707147, at *2 (D. N.J. Sept. 28, 2015) ("Because delay results inherently from the issuance of a stay, courts have found that mere delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage.").  Even so, the orderly course of justice clearly weighs in favor of a stay, which persuades the Court that a stay is justified.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Stay.  The parties are ordered to file a joint status report with the Court every sixty days from the date of the issuance

of this Order.  In addition, the parties are directed to notify the Court in writing within 14 days from the date of the D.C. Circuit's ACA decision.  Such status reports shall also include the parties' position as to how this Court should proceed.

**IT IS SO ORDERED.**